**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HAROLD CONN, LEE WILLIAMS, and STEPHANIE WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. |
| CITY OF CHICAGO, and CHICAGO POLICE OFFICERS E. MAY, Star # 16474, T. CAREY, Star # 18795, and E. CARROLL, Star # 7467, | ) ) ) ) ) | JUDGE |
| Defendants. | ) | **JURY DEMANDED** |

```
FILED: SEPTEMBER 09,2008
08CV5136
JUDGE CASTILLO
MAGISTRATE JUDGE KEYS
RCC
```

## COMPLAINT

NOW COMES the plaintiffs, HAROLD CONN, LEE WILLIAMS, and

STEPHANIE WILLIAMS, through their attorney, Jared S. Kosoglad, and complaining of

the defendants CITY OF CHICAGO, and CHICAGO POLICE OFFICERS E. MAY, Star

# 16474, T. CAREY, Star # 18795, and E. CARROLL, Star # 7467, state as follows:

### INTRODUCTION

1.    This is a civil action seeking damages against defendants for committing acts

under color of law, and depriving plaintiffs of rights secured by the Constitution and laws

of the United States.

### JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,

42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of

the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

### PARTIES

3.    Plaintiffs are citizens of the United States of America, who currently

reside in Chicago, Cook County, Illinois.

4.      Defendants, CHICAGO POLICE OFFICERS E. MAY, Star # 16474, T.

CAREY, Star # 18795, and E. CARROLL, Star # 7467, were, at the time of this

occurrence, duly licensed Chicago Police Officers.  They engaged in the conduct

complained of while on duty in the course and scope of their employment and under color

of law.  They are sued in their individual capacities.

5.      Defendant City of Chicago, ("City") is a municipal corporation duly

incorporated under the laws of the State of Illinois, and is the employer and principal of

the police officer defendants.

## FACTS

6.      Plaintiff Harold Conn is a twenty plus year veteran of the United States

Marine Core.

7.      On June 6, 2008, Plaintiff Lee Williams visited Harold Conn and

Stephanie Williams, her sister, at their home on S. Laverne Avenue, Chicago, Cook

County, IL.

8.      At or about 8:45 p.m., Defendant Chicago Police Officers entered the

home of Harold Conn and Stephanie Williams without any lawful basis.

9.      Defendant Chicago Police Officers handcuffed Plaintiffs Lee and

Stephanie Williams without any lawful basis.

10.      Defendant Chicago Police Officers searched the home of Harold Conn and

Stephanie Williams without any lawful basis.

11.      Defendant Chicago Police Officers found three firearms in the bedroom of

Plaintiff Harold Conn.

12.      Without any lawful basis, Defendant Chicago Police Officers intentionally

arrested and jailed Plaintiff Lee Williams for possession of said firearms, a crime for

which the officers knew Plaintiff Lee Williams bore zero responsibility.

13.     Plaintiff Harold Conn told the Defendant Officers that the firearms found in his bedroom belonged to him and that if anyone should go to jail, it should be him.

14.     On June 6, 2008, Defendants May, Carroll, and Carey conspired and agreed amongst themselves to illegally search the home of Plaintiffs Harold Conn and Stephanie Williams, to illegally seize Plaintiffs Harold Conn, Stephanie Williams, and Lee Williams, and to illegally arrest Lee Williams, and to hide and conceal evidence of their illegalities.

15.     On or about June 6, 2008, Defendants May, Carroll, and Carey conspired and agreed amongst themselves to falsely charge Lee Williams with crimes they knew she did not commit.  In furtherance of this conspiracy, Defendants May and Carey filled out and filed false and incomplete police reports relative to plaintiff's arrest.  Lee Williams was charged with weapons possession and three counts of failure to register.

16.     The case against Lee Williams was dropped after the arresting officers failed to appear in court to support the charges falsely leveled against Lee Williams, indicative of the innocence of Lee Williams.

17.     As a direct and proximate result of the malicious actions of the co-conspirators, Plaintiffs Harold Conn, Stephanie Williams, and Lee Williams were injured, including loss of freedom, invasion of privacy, humiliation, pain, suffering, the deprivation of constitutional rights and dignity, lost time, and extreme emotional distress.

## Count I

## By All Plaintiffs Against Officer Defendants for Section 1983 Fourth Amendment Violations —Illegal Search and Seizures

1-17.   Plaintiffs reallege paragraphs 1 through 17 above, as if fully set forth here.

18.     The searches and seizures of the plaintiffs' persons and property performed

willfully and wantonly by the Officer Defendants, as detailed above, individually and in conspiracy with each other, were in violation of plaintiffs' rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

19.     As a proximate result of the above-detailed actions of defendants, plaintiffs were injured, including the deprivation of their liberty and the taking of their property.  In addition, the violations proximately caused the plaintiffs great mental anguish and humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, all to their damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiffs demand judgment against Defendants May, Carroll, and Carey, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

### Count II

### By Plaintiff Lee Williams Against Officer Defendants for Section 1983 Fourth Amendment Violations —False Imprisonment

1-17.   Plaintiffs reallege paragraphs 1 through 17 above, as if fully set forth here.

18.     The actions of the individual defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff Lee Williams without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

4

19.    As a direct and proximate result of these Constitutional violations, plaintiff Lee Williams was caused to suffer great pain, anguish, despair, and the loss of her liberty for multiple days.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Lee Williams demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count III

### 745 ILCS 10/9-102

1-17.    Plaintiffs reallege paragraphs 1 through 17 above, as if fully set forth here.

18.    Defendant City of Chicago is the employer of Defendants May, Carey, and Carroll.

19.    Defendants May, Carey, and Carroll committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should Defendants May, Carey, or Carroll be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

**Count IV**

**False Arrest — State Claim By Plaintiff Lee Williams Against City and Officers**

1-17.   Plaintiffs reallege paragraphs 1 through 17 above, as if fully set forth here.

18.  By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Lee Williams on false charges for which they knew there was no probable cause.

36.     The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of their employment.

37.     As a direct and proximate result of the false arrest, Lee Williams was damaged, including the value of her lost liberty, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, and anguish.

WHEREFORE, plaintiff Lee Williams demands judgment against defendants May, Carey, and Carroll, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

**Count V**

**Malicious Prosecution  — State Claim By Plaintiff Lee Williams Against City and Officers**

1-17.   Plaintiffs reallege paragraphs 1 through 17 above, as if fully set forth here.

18.     By the actions detailed above, and by participating in the above-described

conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute Lee Williams on false charges for which they knew there was no probable cause.

19.     The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

20.     As a direct and proximate result of the malicious prosecution, Lee Williams was damaged, including the value of her lost liberty, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff Lee Williams demands judgment against defendants May, Carey, and Carroll, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000) and further demands judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

### Count VI

### Intentional Infliction of Emotional Distress By All Plaintiffs Against City and Officers

1-17.   Plaintiffs reallege paragraphs 1 through 17 above, as if fully set forth here.

18.     The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

19.     Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiffs or with knowledge of the high probability that the conduct would cause such distress.

7

20.     As a direct and proximate result of this conduct, plaintiffs did in fact suffer severe emotional distress, resulting in injury to their minds, bodies, and nervous system.

21.     The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiffs demand judgment against defendants May, Carey, and Carroll, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000) and further demand judgment against each of said defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

Respectfully submitted,

HAROLD CONN, STEPHANIE WILLIAMS, and

LEE WILLIAMS

_____/s_____     Jared S. Kosoglad_____
By:              Plaintiffs' Attorney

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Jared S. Kosoglad
120 North Green Street, Suite 3G
Chicago, Illinois 60607
312-513-6000

8